UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **GARY W. JENNINGS**, | Case No. 6:13-cv-01814-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **CAROLYN W. COLVIN**, Commissioner of Social Security, | |
| Defendant. | |

Kathryn Tassinari and Brent Wells, HARDER, WELLS, BARON & MANNING, P.C., 474 Willamette, Suite 200, Eugene, OR 97401. Attorneys for Plaintiff.

S. Amanda Marshall, United States Attorney, and Adrian L. Brown and Ronald K. Silver, Assistant United States Attorneys, UNITED STATES ATTORNEY'S OFFICE, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Courtney M. Garcia, Office of General Counsel, SOCIAL SECURITY ADMINISTRATION, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Attorneys for Defendant.

**SIMON, District Judge**.

Gary Jennings seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for Disability Insurance Benefits ("DIB") and Social Security Income ("SSI"). For the reasons set forth below, the Commissioner's decision is affirmed and this case is dismissed.

## BACKGROUND

### A. The Application

Mr. Jennings previously applied for DIB and SSI, alleging disability as of June 12, 2006, the date on which he stopped working due to an on-the-job back injury sustained in 2004. Tr. 117, 275-76. On November 25, 2009, Administrative Law Judge ("ALJ") Michael Gilbert issued a decision finding him not disabled. Tr. 26-66, 117-25. On December 21, 2009, Mr. Jennings again applied for DIB and SSI, alleging disability beginning November 26, 2009, based on the worsening of his back condition. Tr. 9, 248-58, 275-76. His applications were denied initially and on reconsideration; thereafter, he timely requested a hearing before an ALJ. Tr. 193-99. An administrative hearing was held on July 20, 2012, at which Mr. Jennings was represented by counsel and testified, as did a vocational expert ("VE"). Tr. 67-113. On July 27, 2012, ALJ Ted Neiswanger found Mr. Jennings to be not disabled. Tr. 9-20. After the Appeals Council denied his request for review, Mr. Jennings filed a complaint in this Court. Tr. 1-3.[1]

### B. The Sequential Analysis

A claimant is disabled if he unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled" within the meaning of the Social Security Act ("Act"). *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); 20 C.F.R. §§

---

[1] The record before the Court constitutes over 800 pages, but with some incidences of duplication. Where evidence occurs in the record more than once, the Court will generally cite to the transcript pages on which that information first appears.

Page 2 – OPINION AND ORDER

404.1520, 416.920. Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is performing such work, he is not disabled within the meaning of the Act. *Id.* If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listings, the analysis proceeds beyond step three. At that point, the ALJ must evaluate medical and other relevant evidence to determine the claimant's residual functional capacity ("RFC"). This is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his impairments. 20 C.F.R. §§ 404.1520(e), 416.920(e). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his "past relevant work" with this RFC assessment? If so, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his past relevant work, the analysis proceeds to step five.

5. Considering his RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

The claimant bears the burden of proof at steps one through four. *Bustamante v. Massanari*, 262 F.3d 949, 953 (9th Cir. 2001); *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national or local economy. *Id.*; 20 C.F.R. §§ 404.1566, 416.966. If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

**C. The ALJ's Decision**

At step one of the five-step sequential evaluation process outlined above, the ALJ found that Mr. Jennings had not engaged in substantial gainful activity since the alleged onset date. Tr. 12. At step two, the ALJ concluded that Mr. Jennings' "degenerative disc disease of the lumbar spine, status post laminectomy surgery in 2007" was severe. *Id.* At step three, the ALJ ruled that Mr. Jennings did not have an impairment or combination of impairments that met or medically equaled one of the listings. Tr. 12-13.

The ALJ next assessed Mr. Jennings' RFC. The ALJ found that Mr. Jennings retained the capacity to perform light work, as defined in 20 C.F.R. § 404.1567(b) and 20 C.F.R. § 416.967(b), but with the following limitations:

> [He] can lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently. [He] can stand/walk cumulatively for six hours in an eight-hour day and sit cumulatively for six hours in an eight-hour day. He can occasionally climb stairs or ladders, stoop, crouch, crawl. He can frequently balance and kneel. [Mr. Jennings] requires the freedom to shift positions between sitting and standing. He must be able to stand after sitting for 30 to 45 minutes; he must be able to sit or walk around after standing

> statically for five minutes; he must be able to walk around for five
> minutes before resuming these postures. He requires the freedom
> to walk around to stretch and manage pain for five minutes every
> hour. This could be accomplished by walking that is part of the job
> tasks (that is, a job that involves some walking every hour). While
> standing or sitting at a work table, [he] is unable to hunch forward
> or bend his upper torso over the work surface more than 10 percent
> of the time; he must generally remain in an upright posture with his
> upper torso and limit this slightly bent forward posture to 10
> percent of the time.

Tr. 13.

At step four, the ALJ determined that Mr. Jennings was unable to perform his past relevant work. Tr. 18. At step five, the ALJ concluded, based on the VE's testimony, that Mr. Jennings could perform jobs existing in significant numbers in the national and local economy despite his impairments, such as security guard, meter reader, and office helper. Tr. 18-19. Thus, the ALJ found Mr. Jennings not disabled under the Act. Tr. 20.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence [means] more than a mere scintilla, but less than a preponderance." *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (citation and internal quotations omitted). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record and the court may not substitute its judgment for that of the Commissioner. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). "However, a

Page 5 – OPINION AND ORDER

reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citation and internal quotations omitted). The reviewing court may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*

## DISCUSSION

Mr. Jennings argues that the ALJ erred by: (1) finding him not credible; (2) rejecting the lay opinion of physical therapist Christopher Park;[2] and (3) failing to include all of his limitations in the RFC, such that the ALJ's step five finding was invalid.

### A. Credibility of Mr. Jennings' Testimony

Mr. Jennings contends that the ALJ failed to articulate a clear and convincing reason, supported by substantial evidence, for rejecting his subjective symptom statements concerning the extent and severity of his impairments. When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (citation omitted). A general assertion that the claimant is not credible is insufficient; the ALJ must state which "testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th

---

[2] The Court notes that, although the cover sheet regarding this report lists Mr. Park as the provider, the evaluation itself was signed by physical therapist Ruggie Canizares. *Compare* Tr. 810, *with* Tr. 817.

Page 6 – OPINION AND ORDER

Cir. 1995) (citation omitted). If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).

At the hearing, Mr. Jennings testified that he was unable to work due to disabling back pain. Tr. 77-78. He remarked that sitting, standing, and bending aggravate this pain. Tr. 78. Mr. Jennings stated he could only sit for 15 to 45 minutes, and stand in one place for five minutes, before needing to move around. Tr. 78-79. Although Mr. Jennings did not fully describe his activities of daily living, he reported walking one to one-and-a-half miles per day and biking two miles twice per week. Tr. 87-90.

After summarizing Mr. Jennings' hearing testimony, the ALJ found that Mr. Jennings' medically determinable impairments could reasonably be expected to produce some degree of symptoms, but that his statements regarding the extent of these symptoms were not credible due to his daily activities, tendency to exaggerate, and poor work history, as well as the lack of corroborating objective medical evidence. Tr. 13-18.

Notably, the ALJ determined that Mr. Jennings' credibility was impaired by his activities of daily living. Tr. 16-17. Daily activities may be used to discredit a claimant where they either "are transferable to a work setting" or "contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012). As the ALJ denoted, Mr. Jennings drove his girlfriend to and from work, went on walks daily, shopped in stores, engaged in limited household chores, rode a bike twice per week, prepared meals, cared for pets, watched television and movies, socialized with friends and family, "mow[ed] his yard once in a while," and was independent in his self-care. Tr. 17, 35, 37-38, 49-50, 88, 90, 287-91, 303-10, 807, 830, 833-34, 840. In addition, the record reveals that, during 2008 and 2009, Mr. Jennings played touch

football, engaged in more strenuous cleaning and lifting activities, drove out of town, performed yard work, and went fishing, hiking, and inner-tubing down the river.[3] Tr. 463, 467, 632, 643-44, 653, 669, 677-78. These activities belie Mr. Jennings' hearing statements of a totally debilitating condition, as well as evince the ability to perform a limited range of light work.

Additionally, the ALJ found that Mr. Jennings' credibility was undermined by his "propensity to overstate his symptoms and understate his abilities." Tr. 17. A tendency to exaggerate is a legitimate consideration in evaluating a claimant's credibility. *Tonapetyan v. Halter*, 242 F .3d 1144, 1148 (9th Cir. 2001). Similarly, evidence of self-limiting behavior or a lack of motivation can serve as a basis for discrediting a claimant's testimony. *Osenbrock v. Apfel*, 240 F.3d 1157, 1166 (9th Cir. 2001). Here, Mr. Park observed "inconsistencies [in Mr. Jennings'] presentation" during an August 2010 examination. Tr. 17, 816. Mr. Park also noted that Mr. Jennings "did not demonstrate signs of competitive test performance" and "appeared to be moderately self-limiting." Tr. 17, 816-17. Further, treating physician James Kassube, M.D., repeatedly questioned Mr. Jennings' motivation given that he "is at least partially vested in his pain syndrome" and "seems quite content in his current situation." *See, e.g.*, Tr. 469, 471, 669, 832.

In sum, the ALJ provided clear and convincing reasons, supported by substantial evidence, for rejecting Mr. Jennings' subjective symptom statements. As a result, this Court need

---

[3] As the ALJ observed, Mr. Jennings "allege[s] an onset date of disability one day after the date of [the prior ALJ] decision," despite the fact that "there are no medical records confirming an injury on that date." Tr. 9, 17. In other words, the record does not contain objective medical records evincing another back injury on or near the alleged onset date, or a significant deterioration of Mr. Jennings' original back injury after the alleged onset date. *See, e.g.*, Tr. 835 (imaging study from December 2011 revealing "stable degenerative changes of the lumbar spine including post-laminectomy at L4 and L5"). Furthermore, the medical evidence of record inheres primarily to the period prior to November 2009. Tr. 134-50, 155-173, 679, 804-809, 825-47. Thus, while not dispositive, Mr. Jennings' daily activities surrounding the earlier time period are nonetheless relevant.

Page 8 – OPINION AND ORDER

not discuss all of the reasons provided by the ALJ because at least one legally sufficient reason exists. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008). The ALJ's credibility finding is affirmed.

### B. Medical Opinion Evidence

Mr. Jennings next contends that the ALJ erred by failing to provide a legally sufficient reason for rejecting Mr. Park's limitation to sedentary work. While only "acceptable medical sources" can diagnose and establish that a medical impairment exists, evidence from "other sources" can be used to determine the severity of that impairment and how it affects the claimant's ability to work. 20 C.F.R. §§ 404.1513, 416.913. "Other sources" include, but are not limited to, chiropractors, counselors, and therapists. 20 C.F.R. §§ 404.1513(d), 416.913(d); SSR 06–03p, *available at* 2006 WL 2329939. To disregard the opinion of an "other," or lay, source, the ALJ need only provide a reason that is "arguably germane" to that witness. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001); *Turner v. Comm'r of Soc. Sec.,* 613 F.3d 1217, 1223-24 (9th Cir. 2010).

In August 2010, Mr. Park performed a "Functional Capacity Evaluation" on Mr. Jennings. Tr. 811-20. This evaluation was based on Mr. Jennings' self-reports and a battery of aptitude tests. *Id.* As discussed above, Mr. Park observed "inconsistencies" in Mr. Jennings' "[o]verall" performance, despite the fact that he passed one of the two validity tests. Tr. 816. Mr. Park also reported that Mr. Jennings refused to "demonstrate signs of competitive test performance" and was "moderately self-limiting." Tr. 816-17. Mr. Park concluded that "this evaluation [indicates] that [Mr. Jennings] is performing at the sedentary physical demand performance level." *Id.* Nevertheless, Mr. Park explained that the assessment reflected Mr. Jennings' "minimal physical capacities" rather than his maximum physical capabilities. *Id.*

The ALJ expressly discussed Mr. Park's report in his decision:

> [Mr. Jennings] underwent a functional capacity evaluation in August 2010, at the request of Dr. Kassube . . . [Mr. Jennings] passed 100 percent of maximum voluntary effort, but the physical therapist observed inconsistencies in his presentation [and found that he] did not demonstrate signs of competitive test performance and he appeared to be moderately self-limiting. Overall, the therapist concluded that the [Mr. Jennings'] effort reflected his minimal (not maximal) physical capacities. With this caveat, the therapist rated [Mr. Jennings] at a sedentary physical level, although the therapist recommended that [he] develop a clear vocational goal.

Tr. 14-15. In addition, the ALJ cited to Mr. Park's report in finding that Mr. Jennings "exaggerated [his] symptoms and limitations." Tr. 17.

The Court finds that the ALJ did not err in failing to include a RFC restriction to sedentary work based on Mr. Park's report. The RFC used at steps four and five of the sequential evaluation reflects the maximum a claimant can do despite his limitations. 20 C.F.R. §§ 404.1545, 416.945; SSR 96-8p, *available at* 1996 WL 374184. Because Mr. Park's evaluation was probative only as to Mr. Park's minimum capabilities, the ALJ was not required to formally assess, or even discuss, this evidence. *See Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (the ALJ may "ignore" evidence that is not significant and probative).

In addition, it can be reasonably inferred that the ALJ rejected Mr. Park's assessment for the same reasons he discredited Mr. Jennings' subjective symptom statements. *See Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) (when an ALJ does not explicitly disregard a medical provider's opinion, the court may nevertheless affirm a tacit rejection by drawing "specific and legitimate inferences" from the ALJ's decision); *see also Molina*, 674 F.3d at 1114-22 (noting that "an ALJ's failure to comment upon lay witness testimony is harmless where the same evidence that the ALJ referred to in discrediting the claimant's claims also discredits the lay

witness's claims") (citation and internal quotations omitted). Moreover, the ALJ afforded controlling weight to Dr. Kassube, who opined that Mr. Jennings could perform work consistent with the RFC, and Mr. Jennings does not now challenge the ALJ's decision on this basis.[4] Tr. 846-47; *see also* 20 C.F.R. §§ 404.1527, 416.927; SSR 96-2p, *available at* 1996 WL 374188 (a well-supported treating physician's opinion that is consistent with other substantial evidence of record is entitled to controlling weight). For these reasons, the ALJ's evaluation of Mr. Park's opinion is upheld.

**C. RFC and Step Five Finding**

Finally, Mr. Jennings argues that the ALJ's RFC and step five finding are erroneous because they do not account for the limitations described in his or Mr. Park's testimony. The Court has already concluded that the statements of Mr. Jennings and Mr. Park were appropriately discredited by the ALJ, and there is no indication, outside of this evidence, that Mr. Jennings suffers from functional limitations beyond those already assessed in the RFC. Accordingly, this argument by Mr. Jennings, which is contingent upon a finding of harmful error in regard to the aforementioned issues, is without merit. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005); *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008); *see also Osenbrock*, 240 F.3d at 1163-65 (only limitations supported by substantial evidence must be incorporated into the RFC and, by extension, the dispositive hypothetical question posed to the VE). The ALJ's RFC and step five finding are upheld.

---

[4] Mr. Jennings repeatedly identified sitting as an aggravating factor and walking as an alleviating factor in relation to his back pain. *See, e.g.*, Tr. 78-80, 85, 831-32. A sedentary RFC is therefore at odds with both Mr. Jennings' testimony and the other medical evidence of record.

Page 11 – OPINION AND ORDER

## CONCLUSION

The Commissioner's decision is AFFIRMED and this case is DISMISSED.

DATED this 26th day of January, 2015.

                                                  /s/ Michael H. Simon
                                                  Michael H. Simon
                                                  United States District Judge